UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:98-cr-0017-03 (RLY-WGH) |
| | ) | |
| GEORGE TYSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Richard L. Young, Chief Judge, on March 1, 2011, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on February 18, 2011, and to submit to Chief Judge Young proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(I) and 3583(e). All proceedings in this matter were held on March 14, 2011, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1] The government appeared by Josh Minkler, Assistant United States Attorney. The defendant appeared in person and by appointed counsel, William Marsh, the Indiana Federal Community Defender. U. S. Parole and Probation appeared by Mark McCleese, U. S. Parole and Probation officer, and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That William Marsh, the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Tyson in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Tyson and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Tyson was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Tyson would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Tyson had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Tyson had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Chief Judge Young's designation on March 1, 2011.

7. Mr. Tyson stated his readiness to waive the preliminary hearing at each hearing regarding the Petition then under consideration. Mr. Tyson then waived, in writing, the preliminary hearing and he was held to answer.

8. Mr. Tyson, by counsel, stipulated that he committed specifications of violations numbered 1, 2, 3 and 5, but not as to number 4, in the Petition for Warrant or Summons for an Offender Under Supervision. The government agreed it would dismiss specification numbered 4, which was allowed by the Court. The violations admitted to are as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician."** |
| 3 | **"The defendant not frequent places where controlled substances are illegally sold, used, distributed or administered."** |
|  | On December 10, 2010, Mr. Tyson tested positive for marijuana. On December 14, 2010, the offender was confronted and admitted marijuana use. Additionally, Mr. Tyson tested positive for marijuana on May 29, 2008, March 30, 2009, May 4, 2009, April 22, 2010, and May 8, 2010. These violations were previously reported to the Court (see petition filed January 7, 2011). |
| 5 | **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."** |
|  | The offender did not report the January 6, 2011 arrest until the probation officer inquired on January 14, 2011. |

The Court placed Mr. Tyson under oath and directly inquired of him whether he admitted the specifications of violations of his supervised release set forth above. Mr. Tyson stated that he admitted the above violations as set forth. The Court now finds there is a basis in fact for his admissions and accepts same. The government moved for dismissal of specification numbered 4, and the Court granted same.

Counsel for the parties further stipulated to the following:

(1) Mr. Tyson has a relevant criminal history category of III. *See,* U.S.S.G. §7B1.4(a).

(4) The most serious grade of violation committed by Mr. Tyson constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

(5) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release the range of imprisonment applicable to Mr. Tyson is 8-14 months.

(6) The parties agree that the appropriate disposition for Mr. Tyson's violation of the conditions of supervised release is modification as follows:

(a) Defendant will reside at the Community Corrections Center, preferably the Volunteers of America, for a period of four months, and shall abide by all the rules and regulations of the facility.

(b) Upon completion of his residence at the Community Corrections Center (VOA, Indianapolis, Indiana), the defendant shall continue on the previously-ordered supervised release conditions.

The Court, having heard the admission of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, George Tyson, violated the above-delineated conditions of his supervised release. The defendant's supervised release is therefore **MODIFIED,** and George Tyson is to reside for four months at a community corrections center, preferably the Volunteers of America, Indianapolis, Indiana. Upon completion of his residence at the Volunteers of America, the defendant shall continue on the previously-ordered supervised release conditions.

**WHEREFORE,** Mr. Tyson's supervised release is **MODIFIED** as set forth above.

Counsel for the parties and Mr. Tyson stipulated in open Court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Tyson entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure*, and/or may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation, upon which he may reconsider.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation modifying Mr. Tyson's supervised release.

**IT IS SO RECOMMENDED** this 17th day of March, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Josh Minkler,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

Bill Marsh,
The Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service