UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 3:98-cr-0017 (RLY/WGH) |
| ) | |
| GEORGE LEON TYSON, ) | |
| ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Richard L. Young, Chief Judge, on April 16, 2012, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on March 27, 2012, and to submit to Judge Young proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held April 16, 2012 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

Mr. Tyson appeared in person with his appointed counsel, Mike Donahoe. The government appeared by Will McCoskey, Assistant United States Attorney. U. S. Parole and Probation appeared by Mark McCleese, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. §3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Mike Donahoe, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Tyson in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Tyson and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Tyson was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Tyson was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Tyson was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Tyson had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Young's designation.

7. Mr. Donahoe stated that Mr. Tyson would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Tyson executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Tyson, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **5** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| **6** | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| **7** | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered."** |

On January 3, 2012, Mr. Tyson tested positive for marijuana. On January 11, 2012, the offender was confronted and denied marijuana use. At that time, Mr. Tyson stated he recently smoked "spice" with a friend and suggested his friend, unbeknownst to the offender, used marijuana in the cigarette instead of spice. On January 14, 2012, Alere Laboratory confirmed the positive test for marijuana.

Additionally, as previously reported to the Court, Mr. Tyson has tested positive for marijuana on May 29, 2008 March 30, 2009, April 22, 2010, May 8, 2010 and December 10, 2010.

The Court placed Mr. Tyson under oath and directly inquired of Mr. Tyson whether he admitted violations of the specifications of his supervised release set forth above. Mr. Tyson stated that he admitted the above violations as set forth above. The government moved to dismiss specifications numbered 1, 2, 3, 4 and 8 contained in the Petition to revoke defendant's supervised release, filed March 27, 2012, and the Court dismissed the same.

Counsel for the parties further stipulated to the following:

1) Mr. Tyson has a relevant criminal history category of III, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Tyson constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Tyson is 8-14 months.

4) The appropriate disposition of the case would be a sentence of 10 months in the custody of the Attorney General or his designee, with no supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, George Leon Tyson, violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release. The defendant's supervised release is therefore **REVOKED** and George Leon Tyson is sentenced to the custody of the Attorney General or his designee for a period of 10 months, with no supervised release to follow.

The Magistrate Judge requests that Mark McCleese, U. S. Parole and Probation Officer, prepare for submission to the Honorable Richard L. Young, Chief Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Tyson stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Tyson entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking George Leon Tyson's supervised release.

IT IS SO RECOMMENDED this 16th day of April, 2012.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Will McCoskey,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Mike Donahoe,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal